IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE LYNN THAYER, ) | Case No. 1:20-cv-1125 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION &** |
| Defendants. ) | **ORDER** |
| ) | |

On May 22, 2020, plaintiff, Jamie Lynn Thayer ("Thayer"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB").  ECF Doc. 1.  The Court referred the case to Magistrate Judge Darrell A. Clay for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).  Magistrate Judge Clay recommends that the Court affirm the decision of the Commissioner.  Thayer's objection asserts that the administrative law judge ("ALJ") did not sufficiently articulate support for her residual functional capacity ("RFC") decision and may not have properly considered the treating source opinions.  ECF Doc. 20.

The Court has reviewed the record, the briefings, the R&R, Thayer's objection (ECF Doc. 20) and the Commissioner's response.  ECF Doc. 21.  Because the Commissioner's decision to deny DIB is supported by substantial evidence, the Court overrules Thayer's

objections and adopts the magistrate judge's R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

### I. Background

Ms. Thayer filed for DIB on August 25, 2017, alleging a disability onset date of April 5, 2017. Her claims were denied initially and upon reconsideration. ECF Doc. 13 at 112. She then requested a hearing before an administrative law judge. ECF Doc. 13 at 124. Ms. Thayer (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on January 15, 2019. ECF Doc. 13 at 35. On April 23, 2019, the ALJ found Ms. Thayer not disabled in a written decision. ECF Doc. 13 at 16.

Of relevance here, the ALJ determined that Thayer could "perform simple routine tasks consistent with unskilled work with no fast pace or high production quotas; with occasional superficial interaction (meaning of short duration for a specific purpose) with coworkers and supervisors; no direct work with the general public; c[ould] perform work with infrequent change where changes are explained in advance with gradual implementation; c[ould] perform low stress work meaning no arbitration, negotiation, responsibility for the safety of others or supervisory responsibility." ECF Doc. 13 at 23. The ALJ also determined that there were jobs in the national economy that Thayer could perform (ECF Doc. 13 at 28), and that she had not been under a disability from April 5, 2017 through the date of the ALJ's decision. ECF Doc. 13 at 30.

The Appeals Council denied Ms. Thayer's request for review, making the hearing decision the final decision of the Commissioner. ECF Doc. 13 at 5. See 20 C.F.R. §§ 404.955 & 404.981. Ms. Thayer timely filed this action on May 22, 2020. ECF Doc. 1.

## II. Law & Analysis

### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have

3

reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### B. Analysis

Thayer objects to the magistrate judge's R&R because he found there was sufficient evidence to support the ALJ's decision. Thayer contends there was not. Specifically, she argues the ALJ failed to adequately explain whether the opinions of her treating physicians (which

would have supported a more restrictive RFC) were supported and/or inconsistent with the record as a whole.

It is well-established that for claims filed prior to March 27, 2017, the findings and opinions of treating physicians were entitled to substantial weight. Under the treating physician rule, a treating source's medical opinion was given controlling weight if it was (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §§ 404.1527(c)(2); *see Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013). If a treating source's medical opinion was not entitled to controlling weight, the ALJ applied certain factors in determining what weight to give the opinion. *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(c).

Effective March 27, 2017, the treating physician rule was eliminated when the Social Security Administration published final rules revising the rules and regulations applicable to the evaluation of medical evidence for claims filed on or after that date. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01; see also 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply. For claims filed before March 27, 2017, the rules in § 404.1527 apply."). Because Thayer's disability claim was filed after March 27, 2017 (ECF Doc. 13 at 19), the Social Security Administration's new regulations for evaluating medical opinion evidence apply to her claim. *See Viccarone v. Saul*, No. 1:20-cv-782, 2021 U.S. Dist. LEXIS 28099 at *31 (N.D. Ohio Jan. 22, 2021) (Report and Recommendation), adopted, 2021 U.S. Dist. LEXIS 28095 (N.D. Ohio Feb. 16, 2021); *Clayton v. Saul,* No. 1:20-cv-0553, 2020 U.S. Dist. LEXIS 180968, at *36 (N.D. Ohio Aug. 3, 2021), rejected on other grounds, 2021 U.S. Dist. LEXIS 180004 (Sept. 20, 2021).

The new regulations provide that the Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner will consider "how persuasive" the medical opinion is. 20 C.F.R. § 404.1520c(b); *see Ryan L.F. v. Comm'r of Soc. Sec.,* No. 6:18-cv-1958, 2019 U.S. Dist. LEXIS 207152, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019) (citing 20 C.F.R. §§ 404.1520c(a), (b)(1) (alterations in original) ("Although the regulations eliminate the 'physician hierarchy,' deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still 'articulate how [he/she] considered the medical opinions' and 'how persuasive [he/she] find[s] all of the medical opinions.'").

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors the ALJ must consider are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ." 20 C.F.R. § 404.1520c(c)(2).

6

The ALJ is required to "explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision. 20 C.F.R. § 404.1520c(b)(2) (emphasis added). Conversely, the ALJ "may, but [is] not required to, explain" how he/she considered the relationship, specialization, and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation. *Id.* When two or more medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ is required to "articulate how [he/she] considered the other most persuasive factors" of relationship, specialization, and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(b)(3).

Thayer contends the ALJ's consideration of the opinion evidence of her treating physicians, Dr. Bhandari and Dr. Yezzi-Shareef, was insufficient. The Court disagrees. Regarding Dr. Bhandari, the ALJ stated:

> The undersigned finds this opinion somewhat persuasive, but not fully supported by the record. Dr. Bhandari only treated the claimant from June 2017 to October 2017, and noted no history of substance abuse even though the claimant indicated she smoked cannabis every day (8F/3).

ECF Doc. 13 at 27. The ALJ's assessment of Dr. Bhandari's opinion was sufficient; she noted that Dr. Bhandari only treated Thayer for a few months and had (incorrectly) stated that Thayer had no history of substance abuse. In citing this evidence, the ALJ satisfied the regulation's requirement that she explain how she had considered the supportability and consistency factors for Dr. Bhandari's opinions.

Similarly, after reciting the functional limitations set by Dr. Yezzi-Shareef's opinion, the ALJ stated:

> The undersigned finds this opinion to be unpersuasive. The claimant's memory and cognition were generally noted as normal (4F/10; 4F/15; 7F/10; 7F/14; 9F/9; 9F/34; 9F/37; 11F/15; 11F/24; 11F/32; 11F/37). She was cooperative at medical

7

>appointments (9F/9; 9F/14; 9F/20; 9F/24; 9F/34; 9F/37; 11F/15; 11F/20; 11F/24; 11F/28; 11F/32; 11F/37). However she did indicate she had trouble with panic attacks in social situations and isolates herself, but was able to go camping with her son and out with her fiancé, and she visits her grandmother regularly (9F/23; 5E/5; 5E/7; Testimony). The claimant was noted as having difficulty concentrating; however, later, her concentration was noted as normal (2F/3; 2F/11; 8F/3; 11F/27; 9F/9; 9F/34; 11F/15; 11F/21; 11F/24; 11F/37).

ECF Doc. 13 at 27. The ALJ's consideration of Dr. Yezzi-Shareef's opinion was also sufficient. She cited specific treatment notes she found to be inconsistent with the opinion. The ALJ was not required to defer to Dr. Yezzi-Shareef's opinions because she treated Thayer. She was only required to explain why she found the opinions poorly supported and/or inconsistent with the record — and she did.

The ALJ considered all of the record evidence — including medical opinions, treatment notes and Thayer's reported activities — in reaching her conclusions as to the severity of Thayer's impairments and her RFC. ECF Doc. 13 at 24-26. As noted by Magistrate Judge Clay:

>The ALJ's decision notes Ms. Thayer's symptoms, but weighs them against Ms. Thayer's apparent ability to live with her fiancé, take care of chores, garden, go out to dinner with her fiancé, visit with family, occasionally go grocery shopping, and go camping. (Tr. 19-23). The ALJ also provided reasoning for the decision to discount certain medical records, such as those provided by Dr. Anne Marie Yezzi-Shareef, which stated that Ms. Thayer had no useful ability to function and would be off task 80-100 percent of the time. (Tr. 23). In contrast, the ALJ found Ms. Thayer was able to go camping with her son, out to dinner with her fiancé, and was able to visit her grandmother regularly, and that her concentration was later noted as normal. (Id.).

ECF Doc. 19 at 14.

Because the ALJ properly applied the relevant regulations, and because her resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision even if Thayer is correct that the evidence also supported a contrary conclusion. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence,

8

supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

### III. Conclusion

For the reasons discussed above, the Court overrules Thayer's objections to the R&R, which is hereby adopted. Because the Commissioner's decision to deny DIB is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: October 15, 2021 　　　　　　　　　　　　　*s/Dan Aaron Polster*
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge